Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

BREIANNA KEESLING,

    Plaintiff,

vs.                            **COMPLAINT AND JURY DEMAND**

LUXE INDUSTRIES, LLC,

    Defendant.
_____/

COMES NOW plaintiff, through counsel, who hereby complains of defendant Luxe Industries, LLC (hereinafter "Luxe") via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff is a woman and a resident of northern Nevada, i.e., Reno, Nevada, which is located in Washoe County.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in Washoe County, Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable.  Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated April 13, 2023,  i.e., plaintiff has exhausted administrative remedies in accord with federal law.   This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue which accompanies this Complaint and Jury Demand and is incorporated herein.

2. Defendant Luxe is a limited liability company, corporation, partnership or some other legal entity, which employed plaintiff in a non-managerial position from approximately October 1, 2020 until May 16, 2022, at which time her employment was terminated in a retaliatory manner.  At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year.

3. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant Luxe does substantial business in northern Nevada, e.g., it maintain a place of business in Reno, Nevada, at which all, or almost all, acts, statements and omissions which form the basis for this lawsuit occurred.  Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

4. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq.  Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343.  Jurisdiction exists relative to defendant Luxe because plaintiff is a woman who was subject to harassment, and subsequently retaliation "because of sex", as defined by 42 U.S.C. 2000e, et seq.  Plaintiff's employment ended via defendant's termination of plaintiff's employment in a retaliatory manner, e.g., on the first business day after it learned plaintiff filed a Complaint with the Nevada Equal Rights Commission (thereby alleging a sexually hostile work environment).

First Cause of Action

(Sexual Harassment)

5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein, as though they were fully stated.

6.  Throughout most of plaintiff's employment she was subject to a course of sexual

harassment which a reasonable woman could readily have found sufficiently egregious and/or offensive to constitute a work environment permeated with sexual hostility. Plaintiff subjectively experienced her work environment to be hostile and/or offensive, "because of sex", as defined and/or prohibited by 42 U.S.C. 2000e, et seq. Plaintiff's work environment was rendered sexually hostile by the actions and statements of some of defendant's employees. For instance, on or about August 26, 2021, Supervisor George Baird made sexually offensive remarks to plaintiff on the work premises and continued to make such remarks after plaintiff instructed him to stop. Mr. Baird made a number of such remarks, e.g., he referenced his genital and instructed plaintiff to commit fellatio. He used colloquial terms which, from a sense of decorum, will not be repeated herein. Mr. Baird contemporaneously exposed his genitals. There is a videotape which memorializes the visual aspects of Mr. Baird's conduct.

    7. Some of Mr. Baird's conduct was witnessed by at least one other Luxe Supervisor, e.g., Mr. Lovett. Plaintiff complained to Luxe Operations Manager, Henry Stuckey, of Mr. Baird's sexual misconduct. Mr. Stuckey refrained from taking appropriate action and trivialized Ms. Keesling's complaint by noting, "George gets away with everything on property", or words to that direct effect.

    8. Ms. Keesling reported Baird's sexual harassment to Operations Manager Henry Stuckey, who failed to cause a timely, adequate investigation to be undertaken, and failed to cause adequate remedial action to be implemented. Instead, Operations Manager trivialized Baird's conduct by observed, "George gets away with everything on property," or words to that effect.

    9. Defendant was made aware of the existence of the videotape which memorialize Mr. Baird exposing his genitals to plaintiff. For example, plaintiff spoke with defendant's IT employee, Jason Johnson, who confirmed the cameras were operative. Plaintiff also spoke

with Security Supervisor Dina Bogle, who confirmed she had a copy of the video of Baird's conduct. Plaintiff also has a copy.  Mr. Baird's genitals are clearly visible.  Notwithstanding possession of definitive evidence of gross sexual misconduct (which appears to constitute a sex offense, i.e., an act of Open and Gross Lewdness, which could result in Mr. Baird having to register as a sex offender), defendant failed to undertake a prompt and thorough investigation, or implement adequate remedial action, sufficient to redress past harassment and deter future harassment.

      10. Other managers were aware, e.g., Jeff Livingsto of Operations.  Ms. Keesling met with Messrs. Livingston and Lovett – who told plaintiff "not to make a bigger deal than it was."  That is, Baird's conduct, and Ms. Keesling's emotional distress, were trivialized, and then essentially ignored.  During this meeting Mr. Lovett threatened to terminate Ms. Keesling's employment.  Mr. Brent told plaintiff, "you're a pretty girl in construction, what do you expect?" (or words to that immediate effect).  The conduct Ms. Keesling endured at this meeting consetituted additional acts of sexual harassment and contributed to the ambient hostility Ms. Keesling was experiencing.

      11. After the meeting described in paragraph #10, Mr. Baird continued to sexually harass plaintiff, e.g., he told her he was "gonna have you in the bathroom".

      12.  Plaintiff informed defendant's attorney of Mr. Baird's sexually harassing activities in approximately October, 2021.

      13. Ms. Keesling was subsequently subjected to excessive scrutiny.

      14. Mr. Baird's conduct was sufficient severe and threatening, to the point at which his "mere presence" in the work environment caused that environment to be actionable, i.e., to be permeated with sexual hostility to the point at which the terms and conditions of plaintiff's work environment were adversely altered.

15. Any diminution or deficiency in plaintiff's work performance was the direct and proximate result of the sexual and retaliatory hostility plaintiff experienced. Defendant is therefore estopped from using any such diminution and/or deficiency as a legitimate basis to justify the termination of plaintiff's employment.

16. As a direct and proximate result of being subject to sexual harassment, plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation.

17. Ms. Keesling has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual hostility, i.e., to be free of a hostile work environment resulting from sexual harassment/retaliatory hostility and to be free of retaliation.

## Second Cause of Action

(Retaliation)

18. Plaintiff hereby incorporates the allegations of paragraphs 1 through 17, inclusive, and all other paragraphs, as though the same had been fully set forth herein.

19. The discharge/termination of plaintiff employment constituted retaliation, as prohibited by Title VII of the 1964 Civil Rights Act, i.e., 42 U.S.C. 2000e, et seq.

20. As a direct and proximate result of being subject to retaliation, plaintiff was injured and damaged as described herein and has been compelled to incur costs and retain counsel. Furthermore, plaintiff suffered a loss of income and benefits as a direct and proximate result of the constructive discharge, i.e., retaliation.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages;

3. For an award of costs and a reasonable attorney's fee;

4. For an award of economic damages according to proof; and

5. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant to enforce a reasonable policy against sexual harassment and/or policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 24th day of May, 2023.

    /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
Nevada Bar No. 15962
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

April 13, 2023 Issued Notice of Right to Sue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1